Marc A. Rapaport, Esq. [MR-5775]
LAW OFFICES OF MARC RAPAPORT
350 Fifth Avenue, Suite 4400
New York, NY 10118
Ph: (212) 382-1600

**JUDGE HAIGHT**

**06 CV 14388**

Attorneys for Representative Plaintiff
and the Plaintiff Classes

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE LAMA,<br>individually, and on behalf of all others<br>similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HAND TO HAND CORPORATION<br>a/k/a Hand to Hand Distribution Co., Inc.<br>and DENNIS REILLY<br><br>Defendant. | } } } } } } } } } } } } } } } |

Case No.:
06 CV 14388

CLASS/COLLECTIVE ACTION

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

**RECEIVED**
DEC 13 2006
U.S.D.C. S.D. N.Y.
CASHIERS

DEMAND FOR JURY TRIAL

Representative Plaintiff, as and for his Complaint against HAND TO HAND. CORP. a/k/a
Hand to Hand Distribution Co. Inc.. and DENNIS REILLY. alleges as follows:

### PRELIMINARY STATEMENT

1.      This is a class/collective action. seeking unpaid wages, including unpaid
overtime compensation and interest thereon. liquidated damages and other penalties.
injunctive and other equitable relief and reasonable attorneys' fees and costs. under. *inter
alia*. the Fair Labor Standards Act §§ 6 and 7. 29 U.S.C. §§ 206 and 207. This action further
invokes the supplemental jurisdiction of this Court to consider claims arising under New
York law (e.g., the New York Wage Payment Act. the New York Minimum Wage Act, and
12 N.Y.C.R.R. Part 142).

2.     Representative Plaintiff brings this action on behalf of himself and all other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or, more specifically, the "FLSA Class" and/or the "New York Class") who are, or have been, employed by the Defendants to distribute and/or assist in distributing fliers, periodicals, newspapers, advertising circulars and other materials in the New York metropolitan within the applicable statutory periods.

3.     The "New York Class" period is designated as the time from December 12, 2002 through the trial date, based upon the allegation that the violations of New York's wage and hour laws, as described more fully below, have been ongoing since that time. The "FLSA Class" period is designated as the time from December 12, 2003 through the trial date, based upon the allegation that the violations of the FLSA, as described more fully below, have been wilful and ongoing since at least this date. During these class periods, HAND TO HAND, CORPORATION a/k/a Hand to Hand Distribution Co., Inc. (hereinafter "Hand to Hand") and Dennis Reilly (hereinafter "Reilly") (collectively, "Defendants") have had a consistent policy of (1) permitting, encouraging, and/or requiring its employees, including Representative Plaintiff and members of both Classes, to work in excess of forty (40) hours per week without paying them overtime compensation as required by the FLSA and New York's wage and hour laws, (2) violating New York's "spread of hours" rules, and (3) failing to pay employees for the full amount of hours worked.

## INTRODUCTION

4.     The Fair Labor Standards Act of 1938, as amended, §§ 201 et seq., (hereinafter referred to as "the Act" or the "FLSA") provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Federal

2

Courts with substantial authority to stamp out abuses of child labor, equal pay. portal-to-portal activities as well as the overtime pay provisions at issue in this Complaint.

5.      According to Congressional findings, the existence of labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

6.      New York's Wage Payment Act, Minimum Wage Act and 12 N.Y.C.R.R. Part 142 provide additional protections to hourly workers, including, but not necessarily limited to, entitlements to wages, including overtime pay.

7.      Federal studies have linked long work hours to increased rates of accident and injury and a loss of family cohesion when either or both parents are kept away from home for extended periods of time, on either a daily or weekly basis.

8.      Defendants handle the distribution of fliers, periodicals, newspapers, advertising circulars and other materials for some of the largest and most visible corporations in New York, including Duane Reade Drug Stores and Walgreens. In so doing. Defendants have employed hundreds, if not thousands, of individuals in recent years alone in employment positions which have not, and currently do not, meet any test for exemption from the payment of overtime wages.

9.      Representative Plaintiffs are informed and believe and, based thereon, allege that officers of Hand to Hand knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

10.      Despite Defendant's knowledge of the Plaintiff Classes' entitlement to premium (overtime) pay, expense reimbursement, and meal and/or rest periods for all applicable work periods, Hand to Hand and Reilly failed to provide the same to members of

the Plaintiff Classes in violation of the FLSA and New York state statutes. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. §§ 201 et seq.. including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331), diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

12.     Venue as to Defendants is proper in this judicial district. pursuant to 28 U.S.C. §1391. Defendants maintain offices in the Southern District of New York and transact business, have agents, and are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Representative Plaintiff and those similarly situated within the State of New York and within this judicial district. Defendants operate said facility and has employed numerous Class Members in this judicial district.

## PLAINTIFFS

13.     Representative Plaintiff Jose Lama is a natural person and is, during the relevant time period identified herein, employed by Reilly in New York to distribute fliers, advertising circulars. and other materials.

14.     In said position, the Representative Plaintiff was repeatedly paid a substandard wage insofar as he was denied full pay for all hours worked. including overtime pay. denied reimbursement for expenses made on behalf of his employer. and was frequently permitted to work, and did work during the Class Periods. shifts exceeding four hours or a major fraction thereof (of at least three and one-half hours) without being afforded ten minute rest periods

4

and without being afforded mandatory meal periods. The Representative Plaintiff is informed and believes, and based thereon, alleges that this conduct of Defendants is/was commonplace throughout the City of New York.

15.     As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff Classes" refer to the named plaintiff herein as well as each and every person eligible for membership in the Plaintiff Classes, as further described and defined below.

16.     At all times herein relevant, the Representative Plaintiff was, and now is, a person within each of the Classes of persons further described and defined herein.

17.     Upon information and belief, at all times herein relevant, Hand to Hand was, and is, a corporation doing business in the City, County and State of New York.

18.     Upon information and belief, Defendant Dennis Reilly was, and now is, the President of Hand to Hand, and at all relevant times, exercised operational control and was responsible for the unlawful conduct complained of herein.

19.     Representative Plaintiff is informed and believes and, on that basis, alleges that Defendants have, and do, directly and/or indirectly employed and/or exercised control over the wages, hours and working conditions of the Representative Plaintiff and the Class Members.

## CLASS ACTION ALLEGATIONS

20.     Representative Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Hand to Hand conduct, including, but not necessarily limited to, the following Plaintiff Classes:

FLSA Class:

All persons who are, on have been, employed by Hand to Hand and/or Reilly in the United States to distribute fliers, periodicals, newspapers, advertising circulars, and other materials on Defendant's behalf to the general public within the applicable statutory period(s).

5

New York Class:

All persons who are, or have been, employed by Hand to Hand and/or Reilly in the State of New York to distribute fliers, periodicals, newspapers, advertising circulars and other materials on Defendant's behalf to the general public within the applicable statutory period(s).

21.     Defendant, its officers and directors are excluded from each of these Classes.

22.     This action has been brought and may properly be maintained as a class/collective action under FRCP, Rule 23 and 29 U.S.C. §216 because there is a well-defined community of interest in the litigation and the proposed Classed are easily ascertainable.

a.     Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, allege that the total number of Class Members exceeds hundreds of individuals.   Membership in the Plaintiff Classes will be determined upon analysis of employee and payroll, among other, records maintained by Hand to Hand.

b.     Commonality: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under FRCP Rule 23(b)(3) and 29 U.S.C. §216(b). These common questions include, but are not necessarily limited to:

i.     Whether Defendants violated the FLSA and/or New York laws by failing to pay overtime compensation to individuals employed to distribute fliers, periodicals,

newspapers, advertising circulars and other materials who worked in excess of 40 hours per week,

    ii.  Whether Defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA in any area where Plaintiffs and Collective Action Members are/were employed, in violation of C.F.R. § 516.4;

    iii.  Whether Defendants unlawfully failed to pay overtime compensation in violation of the New York Minimum Wage Act, New York Labor Law § 650, *et seq.*, the Wage Payment Act, *New York* Labor Law § 190, *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142; and

    iv.  Whether Defendants violated the FLSA and/or New York laws by failing to compensate employees for time spent traveling between worksites and waiting for the arrival of supervisors at worksites.

    c.    <u>Typicality</u>: The Representative Plaintiff's claim is typical of the claims of the Plaintiff Classes. The Representative Plaintiff and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Hand to Hand's and Reilly's common course of conduct in violation of state and federal law, as alleged herein.

    d.    <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their

interests. Moreover, the Representative Plaintiffs are informed and believe, and based thereon allege, that Defendants, in refusing to pay overtime to the FLSA Class Members and the New York Class Members, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, Class certification is proper under FRCP Rule 23(b)(2) and 29 U.S.C. § 216(b).

     e.     Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Classes, in that the Representative Plaintiff's claims are typical of those of the Plaintiff Classes and the Representative Plaintiff has the same interests in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

     23.     As described herein, Hand to Hand and Reilly have, for years, knowingly failed to adequately compensate those employees within the class definitions identified above for wages, including premium (overtime) wages due, under the FLSA (29 U.S.C. §§ 206 and 207), the New York Wage Payment Act, Labor Law § 190, et seq., the New York Minimum Wage Act, Labor Law § 650, et seq., and New York Department of Labor Regulations, 12 N.Y.C.R.R. Part 142. Moreover, Hand to Hand and Reilly have knowingly failed to provide said workers with mandatory meal and rest periods, thereby enjoying a significant competitive edge over other firms. Defendants have also failed to compensate said workers for time spent traveling between different job sites during the course of the workday. Among

8

other means, Defendants engaged in unlawful business practices requiring employees to work numerous hours of overtime on a daily and/or weekly basis.

24.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are entitled to recover attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b) and/or New York Labor laws, among other authorities.

**FIRST CLAIM FOR RELIEF**
**UNLAWFUL FAILURE TO PAY OVERTIME WAGES**
**(FLSA Class)**

25.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

26.     At all relevant times hereto, Hand to Hand has been, and is, an employer engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). As such, Hand to Hand employed members of the FLSA Class as financial services representatives, employment positions which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1). At all times relevant hereto, Hand to Hand has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s)(1). At all relevant times, Reilly exercised operational control and was, and continues to be, responsible for the unlawful policies complained of herein.

27.     Representative Plaintiff is informed and believes, and thereon allege, that Defendants have required, or requires, the FLSA Class Members as part of their employment

to work without additional compensation, such as overtime. in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

Except as otherwise provided in this section. no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

28.     Indeed, in the performance of their duties for Defendants, members of the FLSA Class often did work over forty hours per week, yet did not receive overtime compensation for the work. labor and services they provided to Defendants. as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

29.     Representative Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and join this action as plaintiffs. pursuant to 29 U.S.C. § 216(b). by filing written consents to joinder with the Court.

30.     Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

31.     As a result of the foregoing. Representative Plaintiff seeks judgment against Defendants on his own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action. for all unpaid wages. including overtime wages owed by Defendants to the Representative Plaintiff and the FLSA Class. pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest. and reasonable attorneys' fees. as provided for under 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### UNLAWFUL FAILURE TO PAY OVERTIME WAGES PURSUANT TO NEW YORK LABOR LAW § 190, et seq., § 650, et seq. and 12 N.Y.C.R.R. PART 142
#### (New York Class)

32.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

33.     The foregoing conduct, as alleged, violates the New York Wage Payment Act, Labor Law § 190, et seq., the New York Minimum Wage Act, Labor Law § 650, et seq., and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively referred to as the "New York Labor Laws").

34.     At all relevant times, Hand to Hand has been, and continues to be, an "employer" within the meaning of New York Labor Law § 651. At all relevant times, Defendants have employed, and continues to employ, employees, including the Representative Plaintiff and each of the New York Class members, within the meaning of the New York Labor Laws.

35.     The New York Labor Laws require an employer, such as Hand to Hand, to pay overtime compensation to all non-exempt employees. The Representative Plaintiff and the New York Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

36.     At all relevant times, Hand to Hand had a policy and practice of failing and refusing to pay overtime pay to the Representative Plaintiff and to New York Class members for their hours worked in excess of forty hours per week.

37.     Upon information and belief, the aforesaid unlawful policy was implemented and carried out at the specific direction of defendant Reilly.

38.     As a result of Defendants' failure to pay wages earned and due, and their decision to withhold wages earned and due, to the Representative Plaintiff and New York

Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek. Defendants have violated, and continue to violate, the New York Labor Laws.

39.     The Representative Plaintiff, on behalf of himself and the New York. Class members, seek recovery of attorneys' fees and costs of this action to be paid by Defendants', as provided by New York Labor Law § 663(1).

40.     The Representative Plaintiff, on behalf of himself and the New York Class members, seek the amount of underpayments based on Defendants' failure to pay one and one half times the regular rate of pay for work performed in excess of forty hours, as provided by New York Labor Law § 663(1), as well as liquidated damages, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**SPREAD OF HOURS COMPENSATION**
**(Pursuant to New York Labor Law, Article 19 § 650, et seq., and Supporting New York**
**State Department of Labor Regulations**
**(New York Class)**

41.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

42.     The Representative Plaintiff and the New York Class members worked shifts of greater than ten hours without receiving additional "spread-of-hours" compensation from Defendants.

43.     The representative Plaintiff and the New York Class members were not compensated for time incurred traveling between jobsites and/or for time spent waiting for supervisors to arrive at jobsites.

44.     The foregoing conduct, as alleged herein, violates the New York Minimum

Wage Act, Labor Law Article 19 § 650, *et seq.* ("MWA"), 12 N.Y.C.R.R. §§ 142-2.4, 142-

3.4, and the supporting New York State Department of Labor regulations, including the

MWA's provisions requiring "spread-of-hours" pay, which require an employer, such as

Defendants, to pay additional "spread-of-hours" compensation to employees who work shifts

of greater than ten hours.

45.     At all relevant times, Defendants had a policy and practice of failing and

refusing to pay "spread of hours" compensation to the Representative Plaintiff and to New

York Class members for their shifts of greater than 10 hours.

46.     As a result of Defendants' failure to pay "spread of hours" compensation to

the Representative Plaintiff and to New York Class members for their shifts of greater than

10 hours, defendant Defendants' has violated, and continues to violate, the MWA.

47.     The Representative Plaintiff, on behalf of themselves and the New York Class

members, seek recovery of attorneys' fees and costs of this action to be paid by Defendants,

as provided by New York Labor Law § 663(1).

48.     The Representative Plaintiff, on behalf of himself and the New York Class

members, seeks the amount of underpayments based on Defendants failure to pay "spread of

hours" compensation to the Representative Plaintiff and to New York Class members for

their shifts of greater than 10 hours and relief from Defendants' unlawful and willful conduct,

as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### UNPAID WAGES

49.     Representative Plaintiff incorporates in this cause of action each and every

allegation of the preceding paragraphs, with the same force and effect as though fully set

forth herein.

50.     The Representative Plaintiff and the New York class members were directed by defendants to travel between worksites during the course of their workdays, but were unlawfully denied compensation for such time.

51.     The Representative Plaintiff and New York class members were directed by defendants to appear at worksites, where they were routinely directed to wait for the arrival of a supervisor.  Plaintiff and the New York class members were unlawfully denied compensation for such time spent waiting for supervisors to arrive at worksites.

52.     The Representative Plaintiff, on behalf of himself and the New York Class members, seeks the amount of unpaid wages and/or underpayments for Defendants' failure to pay for travel time between worksites and for time spent at worksites awaiting the arrival of supervisors

## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiff**, on behalf of himself and the Plaintiff Classes, prays for judgment and the following specific relief against defendant Hand to Hand Corporation as follows:

1.     That the Court declare, adjudge and decree that this action is a proper class/collective action and certify the proposed FLSA Class, the New York Class and/or any other appropriate subclasses under FRCP Rule 23 and/or 29 U.S.C. § 216;

2.     That the Court declare, adjudge and decree that Defendant violated the overtime provisions of the FLSA and New York state laws as to the Representative Plaintiff and the Plaintiff Classes;

3.     That the Court declare, adjudge and decree that Defendant willfully violated its legal duties to pay overtime under the FLSA and New York State law;

14

4.      That the Court declare, adjudge and decree that (a) the Representative Plaintiff and the FLSA Class Members were at all times relevant hereto, and are, entitled to be paid overtime for work beyond 40 hours in a week; and (b) the amounts to which Representative Plaintiff and the FLSA Class Members are entitled is to be doubled as liquidated damages and awarded thereto;

5.      That the Court make an award to Representative Plaintiff, the FLSA Class and the New York Class of damages and/or restitution for the amount of unpaid overtime compensation and unpaid wages, including interest thereon, and penalties in an amount to be proven at trial;

6.      That the Court make an award to the Representative Plaintiff and the New York Class of reimbursement for all employer related expenses;

7.      For all other Orders, findings and determinations identified and sought in this Complaint;

8.      For Interest on the amount of any and all economic losses, at the prevailing legal rate;

9.      For reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b) and as otherwise provided by law; and

10.     For costs of suit and any and all such other relief as the Court deems just and proper.

## JURY DEMAND

Representative Plaintiff and the Plaintiff Classes hereby demand trial by jury on all issues triable of right by jury.

Dated: December 12, 2006                    **LAW OFFICES OF MARC A. RAPAPORT**

By   _____
     Marc A. Rapaport, Esq. [MR-5775]
     Attorney for the Representative Plaintiff
     and the Plaintiff Classes

16